# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 95-10099
### Summary Calendar

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ERIC NELSON BERTRAM,**

**Defendant-Appellant.**

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (2:86-CR-36)
_____

### (July 10, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Eric Nelson Bertram, *pro se*, appeals from the denial of his Fed. R. Civ. P. 60(b) motion for relief from a judgment denying post-conviction relief under 28 U.S.C. § 2255. We **AFFIRM**.

I.

Bertram was convicted in 1987, for possession of a destructive

---

[1]Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

device which was not registered to him, making a firearm, and committing two felony offenses while on release from custody.[2] [2 R 144]  He was sentenced, *inter alia*, to concurrent terms of five and ten years, respectively, for the possession and manufacturing convictions, and a consecutive ten-year term for the commission of felonies while on release from custody.  [2 R 147]  Our court affirmed the convictions on direct appeal.[3]  ***United States v. Bertram***, No. 87-1236 (5th Cir. Sept. 15, 1987) (unpublished).  [2 R, unnumbered pages in front of volume]

In April 1988, Bertram moved under Fed. R. Crim. P. 35 to

---

[2]While on parole for a conviction for being a felon in possession of a firearm, and while free on bond on a multi-count indictment charging credit card fraud, Bertram was convicted for making a pipe bomb and using it to bomb the car of a woman who had refused to date him.  [1 R 21]

[3]On direct appeal, Bertram raised issues regarding the denial of a severance, delay in giving a limiting instruction, exclusion of testimony, improper impeachment, denial of a continuance, disparagement at the sentencing hearing, and lack of notice prior to the imposition of an order of restitution.  [2 R, unnumbered pages at front of volume]

reduce or correct his sentence, asserting that the district court failed to give notice that it was considering the imposition of restitution. [3 R 1] The district court denied the motion, [3 R 2] and our court affirmed. *United States v. Bertram*, No. 88-1310 (5th Cir. Nov. 10, 1988) (unpublished). [3 R, unnumbered pages in front of volume]

Bertram filed another motion to correct his sentence in December 1988, challenging the constitutionality of the imposition of $50 special assessments. [4 R 1] The district court denied the motion, [4 R 2] and our court affirmed. *United States v. Bertram*, No. 89-1018 (5th Cir. Nov. 2, 1989) (unpublished). [4 R, unnumbered pages in front of volume]

In March 1990, Bertram filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting, *inter alia*, that he was denied the right to testify at trial. [5 R 1-12] The district court denied relief. [5 R 13-14] Our court vacated and remanded for a statement of reasons supporting the denial of relief. *United States v. Bertram*, No. 90-1355 (5th Cir. Oct. 16, 1990)

(unpublished).  On remand, the district court, without conducting an evidentiary hearing, entered a detailed order denying Bertram's § 2255 motion.  [6 R 1-18]  With respect to his claim of deprivation of the right to testify, the district court found that Bertram did not offer to testify and held that he had waived any right to complain that he was denied that right.  [6 R 12]  Our court affirmed in March 1993, holding, *inter alia*, that the district court's analysis adequately disposed of Bertram's claim of deprivation of the right to testify.  **United States v. Bertram**, No. 92-1428 (5th Cir. Mar. 1, 1993 (unpublished).  [7 R, unnumbered pages at front of volume, pp. 5-6]

In June 1994, Bertram moved for reconsideration or relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), urging the district court to revisit his claim of deprivation of the right to testify. [1 R 1-8]  The district court held that the issue was decided adversely to Bertram in the dismissal of his § 2255 motion, and that he could not relitigate it.  [1 R 20-24]

II.

"[D]enial of a 60(b)(6) motion is reviewed only for abuse of discretion". ***Travelers Ins. Co. v. Liljeberg Enterprises, Inc.***, 38 F.3d 1404, 1408 (5th Cir. 1994). "Therefore, `[i]t is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so unwarranted as to constitute an abuse of discretion.'" ***Id***. (quoting ***Seven Elves, Inc. v. Eskenazi***, 635 F.2d 396, 402 (5th Cir. 1981)).

Bertram contends that new law has established that a defendant's silence at trial is insufficient to support a conclusion that the defendant voluntarily and intelligently waived his right to testify. In support, he relies on ***United States v. Teague***, 953 F.2d 1525 (11th Cir.) (en banc) (holding "that a criminal defendant has a fundamental constitutional right to testify on his behalf, that this right is personal to the defendant, and that the right cannot be waived by defense counsel"), *cert. denied*, ___ U.S. ___, 113 S. Ct. 127 (1992).

Bertram's contention borders on being frivolous. Even assuming that ***Teague*** supports Bertram's position that the record

must affirmatively reflect a defendant's waiver of the right to testify -- which it does not -- it was decided in February 1992, more than two months before Bertram appealed the judgment denying his § 2255 motion in May 1992. [7 R 6] There is no reason why Bertram could not have brought *Teague* to our court's attention prior to its affirmance of the denial of § 2255 relief in March 1993. It is well-settled that "a Rule 60 motion is not a substitute for an appeal from the underlying judgment". *Travelers*, 38 F.3d at 1408.

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**